UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RUBEN SANTIAGO,

                     Petitioner,                  **MEMORANDUM & ORDER**

           v.                         No. 20-CV-3530 (RPK)

RAYMOND SHANLEY, *Superintendent*,

                   Respondent.
------------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Petitioner Ruben Santiago is serving a state prison sentence after being convicted of robbery in New York state court.  The state appellate court affirmed his conviction on direct appeal.  Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2254, raising two claims: (1) that the trial court abused its discretion by failing to preclude a witness's testimony as a sanction for the state's loss of an audio recording of a pretrial interview with that witness; and (2) that petitioner's fifteen-year sentence is unduly harsh and excessive.  For the reasons explained below, the petition is denied.

**BACKGROUND**

**I.  Petitioner's Trial and Conviction**

      Petitioner was charged with second-degree murder, first-degree robbery, and second-degree robbery under New York law in connection with the robbery and subsequent death of Robert Reichl on July 16, 2013.  *See* Aff. of Solomon Neubort in Opp'n to Pet. for Writ of Habeas Corpus ¶¶ 5–6 (Dkt. #4) ("Neubort Aff.").

      The case proceeded to a bench trial.  *See* Trial Tr. 1 (Dkt. ##4-1–4-4).  The State's case included the testimony of two eyewitnesses—Glennys Reyes and Shenieka Carrasquillo—and several angles of surveillance video of the incident.  *See id.* at 63 (admitting the videotape into

evidence); 45–110 (Ms. Reyes's testimony); 196–229 (Ms. Carrasquillo's testimony).   At the conclusion of trial, the court convicted petitioner of second-degree robbery, finding that "[t]he video in evidence clearly shows that property was forcibly taken from Robert Reichl by [petitioner]." *Id.* at 672.   But it acquitted him of the remaining charges, which "ha[d] as a common element that the defendant[] caused the death of Robert Reichl"—an element the court concluded the State had not proven beyond a reasonable doubt.  *Id.* at 673–86.

The court sentenced petitioner to fifteen years in prison plus five years of post-release supervision—the maximum sentence authorized for second-degree robbery under New York law. *See* Sentencing Tr. 48 (Dtk. #4-4).

## II. Petitioner's Direct Appeal and Habeas Petition

Petitioner appealed his conviction and sentence, raising two grounds for relief.   *See generally* Pet.'s App. Br. (Dkt. #4-5).   Petitioner's first claim concerned the testimony of Ms. Carrasquillo.   Prior to her testimony, petitioner's trial counsel moved for sanctions after the state disclosed that it had lost an audio recording of a pretrial conversation between Ms. Carrasquillo and an assistant district attorney, *see* Trial Tr. 3–4, 193—material required to be turned over to the defense under *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961).   Because the defense had not argued that the tape had been deliberately destroyed, the court stated that "precluding the witness" would be "too drastic a remedy," but that "[a]t the end of the case, counsel can ask for other sanctions, including an adverse inference."   Trial Tr. 194.   At the conclusion of trial, petitioner's counsel asked the court for an adverse inference, but did not seek further sanctions.  *Id.* at 547.   Petitioner argued on appeal that the court had abused its discretion in declining to preclude Ms. Carrasquillo's testimony as a sanction for the *Rosario* violation, and that a new trial was warranted on that basis.  Pet.'s App. Br. 18–29.

In the alternative, petitioner argued that the appellate court should exercise its discretionary authority under New York law to modify his fifteen-year sentence because it was unduly harsh and excessive in view of "numerous mitigating factors justifying a sentence far below the statutory maximum," including petitioner's traumatic childhood, demonstrated remorse, and strong family ties. *Id.* at 29–33.

The appellate division affirmed petitioner's conviction. *See People v. Santiago*, 90 N.Y.S.3d 541 (App. Div. 2019). It held that petitioner "failed to preserve for appellate review" his claim that the sanction for the State's *Rosario* violation was insufficient, and that, "[i]n any event, it was an appropriate sanction." *Id.* at 541. And the court found that petitioner's fifteen-year sentence "was not excessive." *Ibid.*

The New York Court of Appeals denied petitioner leave to appeal. *See People v. Santiago*, 126 N.E.3d 179 (N.Y. 2019). Petitioner then filed this timely petition for relief under 28 U.S.C. § 2254, raising the same two claims presented to the appellate division. *See* Pet. (Dkt. #1).

## STANDARD OF REVIEW

A person in custody pursuant to a state-court judgment may seek habeas corpus on the ground that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under this statute, "federal habeas corpus relief does not lie for errors of state law," and, accordingly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Instead, a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

Moreover, even when a petitioner does raise a federal claim, a federal court may only review it if the applicant has exhausted the remedies available to him in the courts of his

state.  28 U.S.C. § 2254(b)(1)(A).  "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim."  *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).

Finally, even if a petitioner has properly preserved his federal claim, a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).

## DISCUSSION

Because petitioner has not shown that he is being held "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), his petition is denied.

## I.  *Rosario* **Claim**

Petitioner first argues that the trial court abused its discretion by permitting the State to call Shenieka Carrasquillo to testify at trial despite failing to preserve a tape recording of a pretrial statement she made to prosecutors, thus depriving petitioner of the ability to use that statement for impeachment in violation of *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961).  *See* Pet. 5–6.

Petitioner's *Rosario* claim cannot form the basis of relief under Section 2254 because it does not assert that petitioner is being held "in violation of the Constitution or laws or treaties *of the United States*."  28 U.S.C. § 2254(a) (emphasis added).  There is no dispute that the State violated plaintiff's rights under *Rosario* when it failed to turn over certain of Ms. Carrasquillo's pretrial statements.  *See* Warden's Mem. of Law in Opp'n to Pet. 2 (Dkt. #4).  But "[b]ecause the obligation to turn over *Rosario* material arises under state [rather than federal] law," such a "claim

is not cognizable in a federal writ of habeas corpus." *Taylor v. Connelly*, 18 F. Supp. 3d 242, 259 (E.D.N.Y. 2014) (quoting *Wilens v. Superintendent of Clinton Corr. Facility*, No. 11-CV-1938 (JFB), 2014 WL 28995, at *16 (E.D.N.Y. Dec. 31, 2013)); *see Enoksen v. Squires*, 532 F. Supp. 3d 75, 93 (E.D.N.Y. 2021) (explaining that claims concerning "*Rosario* discovery violations" "are rooted in state law rights that are simply not cognizable on a habeas petition"), *aff'd*, No. 21-1182, 2022 WL 2913639 (2d Cir. July 25, 2022); *Martinez v. Walker,* 380 F. Supp. 2d 179, 186 n.5 (W.D.N.Y. 2005) ("[Petitioner's] *Rosario* claim does not present an error of constitutional magnitude and therefore is not cognizable on habeas review."); *Johnson v. Filion*, 232 F. Supp. 2d 98, 100 (S.D.N.Y. 2002) ("Failure to turn over *Rosario* material is not a basis for habeas relief as the *Rosario* rule is purely one of state law.") (quoting *Green v. Artruz*, 990 F. Supp. 267, 274 (S.D.N.Y. 1998)).

Petitioner's claim is therefore denied.

## II. Excessive-Sentence Claim

Petitioner next argues that "this Court should modify [his] sentence because the term imposed was unduly harsh and excessive." Pet. 8. Whether construed as arising under state law or under the Eighth Amendment, this claim does not supply a basis for habeas relief.

### A. Petitioner's State-Law Excessive-Sentence Claim Is Not Cognizable under Section 2254

Insofar as petitioner renews the request for a reduced sentence that he made to the state appellate court, petitioner's claim is denied because it does not provide a basis for federal habeas relief. New York law authorizes the appellate division to reduce a defendant's sentence "[a]s a matter of discretion in the interest of justice," N.Y. Crim. Proc. Law § 470.15(3)(c), such as when the court determines that "[the] sentence, though legal, was unduly harsh or severe," *id.* § 470.15(6)(b). But "a claim for a reduction in sentence pursuant to § 470.15 does not, without

more, raise a federal constitutional issue and is therefore not cognizable on habeas review." *Bonilla v. Lee*, 35 F. Supp. 3d 551, 572 (S.D.N.Y. 2014); *see Ponder v. Conway*, 748 F. Supp. 2d 183, 197–98 (W.D.N.Y. 2010) (dismissing a reduction-of-sentence claim "as not cognizable on habeas review" because "[a]t most, [petitioner] has asserted a violation of New York state statutory law"); *Jones v. Artus*, 615 F. Supp. 2d 77, 87 (W.D.N.Y. 2009) (rejecting a habeas claim based on Section 470.15(6)(b) because "[t]he assertion that a sentencing judge abused his or her discretion in sentencing is ordinarily not a cognizable federal claim subject to review by a habeas court"). Petitioner's renewed reduction-of-sentence claim under state law is accordingly denied.

**B. Any Claim under the Eighth Amendment Is Procedurally Barred and Without Merit**

To the extent the petition can be read to contend that petitioner's sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment, it fails for two reasons.

First, it is procedurally barred. On direct appeal, petitioner presented his claim exclusively in terms of N.Y. Crim. Proc. Law § 470.15, "ask[ing the appellate division] to reduce [his] sentence in the interest of justice" because it "was unduly harsh and excessive. Pet.'s App. Br. 29, 32–33. Because petitioner's "Appellate Division brief presented his excessive sentence claim in terms of state law, invoking the power of a state appellate court to reduce sentences in the interest of justice under C.P.L. § 470.15(6)(b)," his exclusive "reliance on a state procedural law granting courts discretionary authority to reduce sentences d[id] not 'fairly present' his[] constitutional claim [to the] state court." *King v. Cunningham*, 442 F. Supp. 2d 171, 181 (S.D.N.Y. 2006) (collecting cases); *see Castillo v. Abrams*, No. 88-CV-1165, 1988 WL 96026, at *2 (S.D.N.Y. Aug. 24, 1988) ("Asking a state court to use its discretionary authority to reduce a sentence, without more, is not enough to alert the court that the claim is of constitutional dimension."). Because petitioner "did not claim his sentence deprived him of any federal constitutional right" on direct appeal in state court, he has "failed to exhaust the remedies available in state court" with respect to any claim

6

under the Eighth Amendment, and so the "court[] need not consider the claim." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *King*, 442 F. Supp. 2d at 181 (finding petitioner's "Eighth Amendment 'excessive sentence' claim unexhausted because the constitutional nature of the claim was not 'fairly presented' to the state courts on direct appeal").

Second, regardless, the claim is without merit. Petitioner concedes that his fifteen-year sentence was authorized under state law. *See* Pet. 3 (observing that petitioner was sentenced "to the maximum prison term of 15 years") (capitalization altered); N.Y. Penal Law § 160.10 (defining second-degree robbery as "a class C felony"); N.Y. Penal Law § 70.00(2)(c) (stating that "[f]or a class C felony, the term [of imprisonment] . . . shall not exceed fifteen years"). And the Second Circuit has made clear that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White*, 969 F.2d at 1383. Accordingly, "[t]he individual circumstances [petitioner] presents in his petition"—specifically, his traumatic childhood, the remorse he exhibited at sentencing, and his strong family ties—"are simply not factors that this Court may consider for habeas relief in accordance with the Eighth Amendment." *Acosta v. Giambruno*, 326 F. Supp. 2d 513, 524 (S.D.N.Y. 2004) (citing *Monegro v. Greiner*, No. 03-CV-2735 (NRB), 2004 WL 187129, at *7 (S.D.N.Y. Jan. 28, 2004)); *see Bonilla*, 35 F. Supp. 3d at 572 ("The petitioner does not challenge his sentence as constitutionally disproportionate, and because the sentence falls within the range prescribed by state statutory law, the length of the sentence cannot be a basis for federal habeas relief.") (footnote omitted). In any event, "there is no Supreme Court case that has ever found a sentence to be in violation of the Eighth Amendment merely because of its length," *Bridges v. Lee*, No. 15-CV-4669 (MKB) (CLP), 2019 WL 11816536, at *12 (E.D.N.Y. Aug. 26, 2019) (citing *Carmona v. Ward*, 576 F.2d 405, 408 (2d Cir. 1978)), *report and recommendation adopted*, No. 15-CV-4669 (BMC), 2021 WL 688292 (E.D.N.Y. Feb. 23, 2021), so petitioner cannot succeed in showing that, in upholding his

fifteen-year sentence, the appellate division rendered a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d).

## CONCLUSION

For the foregoing reasons, the petition is denied.  And because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (quotation marks omitted), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is also denied.  In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: May 8, 2023
        Brooklyn, New York